RAYMOND C. FISHER, Circuit Judge,
concurring in part and dissenting in part:
I concur in all but part 1.2 of the memorandum disposition, from which I respectfully dissent. I would hold that substantial evidence supports the jury’s award of $2 million to Yacht West for the structural defect. All parties agree that the yacht is overweight, that it suffers from a vibration, that the vibration is structural and hull-related and that further evaluating and remedying the defect will be extremely costly. Yacht West’s expert testified that the defect would cost at least $4 million to repair, and Christensen did not offer a repair estimate of its own to refute that testimony. There was also testimony that the structural defect affected the market value of the yacht, which in any event is self-evident, as well as the uses to which the yacht could safely be put. That the jury awarded Yacht West only half of what it requested further indicates that the jury exercised its discretion. It is true that Yacht West’s experts could not isolate the precise source of the problem or set out a specific plan for repair without further evaluation, but I do not believe Yacht West was required to tear the vessel apart to establish an entitlement to damages. See Holland Livestock Ranch v. United States, 655 F.2d 1002, 1006 (9th Cir.1981) (“Once injury has been proven, the fact that damages are not susceptible to precise measurement does not preclude recovery”). I accordingly dissent from part 1.2 of the disposition.